**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**LADAH LAW FIRM**
517 South Third Street
Las Vegas, NV 89101
T 702.252.0055
F 702.248.0055
litigation@ladahlaw.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE ALEXANDER ESCOBAR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive,<br><br>Defendants. | Case No:   2:22-cv-01419-CDS-DJA<br><br>**JURY DEMANDED** |

**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiff, JOSE ALEXANDER ESCOBAR ("Escobar"), by and through his counsel of record, RAMZY P. LADAH, ESQ., with the LADAH LAW FIRM, and for his Complaint against the Defendant, UNITED STATES OF AMERICA, states as follows:

**INTRODUCTION**

1.    This is an action against the Defendant United States of America under the Federal Tort Claims Act, (28 USC §2671, *et seq.*), for negligence in connection with a motor vehicle collision, which occurred on September 29, 2020, between Plaintiff Escobar and a vehicle operated by a United States Department of Commerce employee, Angela M. Taylor.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 USC §2671, *et seq.*), for money damages as compensation for personal injuries caused by the negligent act of an employee of the United States Department of Commerce while acting within the scope of her employment.

3. Plaintiff Escobar has fully complied with the provisions of 28 USC §2675 of the Federal Tort Claims Act.

4. This suit has been timely filed under 28 USC §2401(b), in that suit is being filed within two years after the incident forming the basis of the suit and after the United States Department of Commerce failed to respond within a period of six (6) months after the claim was first presented to the United States Department of Commerce.

5. Plaintiff Escobar first presented his claim for money damages to the Department of Commerce on October 13, 2021. Since that time, there has been no response. Therefore, deemed a final denial of the claim under 28 USC §2675(a).

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Escobar is, and at all times relevant hereto was, a resident of Clark County, Nevada.

7. Defendant United States of America, through its agency, the Department of Commerce, operated offices in Clark County, Nevada at all times relevant to this Complaint.

8. At all times relevant to this Complaint, Angela M. Taylor was employed by, and working in the course and scope of her employment with Defendant United States of America. Furthermore, Defendant United States of America is responsible for negligent acts of its employees and agents under respondeat superior and 28 USC §2674.

9. Jurisdiction is proper under 28 USC §1346(b)(1).

10. Venue is proper under 28 USC §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Nevada.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, particularly on or about September 29, 2020, Plaintiff was a restrained driver, traveling northbound on I-15 at the Sahara Avenue exit, in Clark County, State of Nevada.

12. At all times relevant hereto, Angela M. Taylor was driving in the course and scope of her employment and with the consent, permission, and acquiescence of Defendant United States of America.

13. At all times relevant hereto, Angela M. Taylor was the operator of the vehicle, which was traveling northbound on I-15 behind Plaintiff Escobar's vehicle at the Sahara Avenue exit, all in Clark County, State of Nevada.

14. At all times relevant hereto, Angela M. Taylor failed to operate her vehicle safely, further failed to yield and struck Plaintiff's vehicle.

15. At all times relevant hereto, Plaintiff sustained significant injuries as a result of Angela M. Taylor's actions and the aforesaid collision.

## FIRST CAUSE OF ACTION
### (Negligence / Negligence Per Se)

16. Plaintiff repeats and re-alleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

17. At all times relevant hereto, Angela M. Taylor's negligence caused the collision between Plaintiff's vehicle and the vehicle operated by Angela M. Taylor in the course and scope of her employment with Defendant United States of America resulting in significant injuries to Plaintiff.

18. At all times relevant hereto, Nevada Revised Statutes were designed and enacted to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of harm the Nevada Revised Statutes were designed and enacted to prevent.

19. As a direct and proximate result of Angela M. Taylor's aforesaid negligent actions and/or failures to act, Angela M. Taylor violated Nevada Revised Statutes and is, therefore, negligent per se.

20. As direct and proximate result of Angela M. Taylor's aforesaid actions, Plaintiff was injured in his health, strength, and activity, sustained injury to his body and shock and injury to his person, all of which have caused and will continue to cause Plaintiff pain and suffering.

21. As a direct and proximate result of Angela M. Taylor's aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and possible future medical expenses, all to Plaintiff's general and special damages.

22. As a direct and proximate result of Angela M. Taylor's aforesaid actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

23. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

24. Defendant United States of America is liable pursuant to 28 USC 1346(b)(1).

## SECOND CAUSE OF ACTION
**(Respondeat Superior / Vicarious Liability)**

25. Plaintiff repeats and re-alleges each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

26. At all times relevant hereto, Angela M. Taylor was acting within the course and scope of her employment, services, or agency with Defendant United States of America.

27. At all times relevant hereto, Angela M. Taylor was acting within the course and scope of her employment, services, or agency with Defendant United States of America when the subject collision occurred and acted negligently, thus Defendant United States of America is vicariously liable for the injuries sustained by Plaintiff as alleged above.

28. As a direct and proximate result of Angela M. Taylor's aforesaid actions, Plaintiff has incurred and continues to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and possible future medical expenses, all to Plaintiff's general and special damages.

29. As a direct and proximate result of Angela M. Taylor's aforesaid actions, it has been necessary for Plaintiff to retain LADAH LAW FIRM to prosecute this action, and Plaintiff is entitled to recover reasonable attorneys' fees and costs.

30. The acts and/or omissions set forth above would constitute a claim under the law of the State of Nevada.

31. The defendant is liable pursuant to 28 USC 1346(b)(1).

WHEREFORE, Plaintiff prays for relief against the Defendant for each cause of action as follows:

1. Compensatory damages;

2. For attorney's fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

DATED this 31st day of August 2022.

**LADAH LAW FIRM**

*/s/ Ramzy P. Ladah, Esq.*

**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
517 S. Third Street
Las Vegas, NV 89101
*Attorney for Plaintiff*